UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOLIVER TOTENBERG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMUNICATIONS/SWITCHBOARD )<br>DOES, )<br>)<br>)<br>Defendants. ) | Civil Action No. 1:24-cv-00452 (UNA) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's combined *pro se* "motion to remand to compet[e]nt jurisdiction" ("Compl.") and application for leave to proceed *in forma pauperis*, collectively ECF No. 1 (duplicate at ECF No. 2). For the reasons explained below, the court denies plaintiff's IFP application and dismisses this matter without prejudice.

First, plaintiff's IFP application contains some information regarding plaintiff's financial circumstances, *see* Compl. at 1, but it fails to (1) clearly enumerate his benefits or the nature of his debts and other financial obligations; (2) deny, or confirm and identify, any money available in a bank account, or; (3) deny, or confirm and identify, his assets or items of value, *see* 28 U.S.C. § 1915(a)(1); Short Form (AO 240).

Second, plaintiff has attempted to initiate this civil matter by filing a motion, which he may not do; he must file a complaint. *See* Fed. R. Civ. P. 3; *see also In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (citing Fed. R. Civ. P. 3); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002). Even generously construing his submission as a complaint, it cannot survive dismissal. *Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Plaintiff's submission contains myriad formal

defects, failing to comply with Federal Rules 7(a)–(b) and 10(a)–(b) and D.C. Local Civil Rule 5.1(a), (c)(1), (d), (e), and (g).

In addition to the Rules cited above, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff's submission falls squarely within this category. Plaintiff, who does not list his address or telephone number, sues unnamed defendants, and omits their contact information, all of which contravenes D.C. LCvR 5.1(c)(1). The allegations themselves are no better; they are rambling and unclear, jumping from topic to topic without transition or connection. For example, plaintiff contends that

> Los Angeles Overnight/Weekend police 'Communications'" conspired with petty criminal actors to make threats of 90+ days 51 and 52/50 holds where have twice previously, and intend to in the near future, intentionally violate/d due process rights, including Capital punishment without due

process. The actors include members of Congress and the Capital Police in Washington, D.C. to wit. Switchboard operators, Capital Police officers, including one Sargent so far, and staff of the Deposit Account and Public Information staffs at the Library of Congress.

Compl. at 1. He goes on to allege that a "Watch commander . . . threatened to arrest [him] . . because of successful petition/appeals for Review[,] which somehow then gave rise to a debate over the meaning of the word "frivolous" with "two State actors." *See id*. Plaintiff broadly cites to several federal civil and criminal statutes, *see id.* at 1–2, and case law from outside jurisdictions, *see id*. at 2, but he fails to explain their relevance, if any, to his intended claims. He confoundingly asks this court to "remand and transfer" this case to a court of "compet[e]nt jurisdiction," despite having initiated this matter in this court. *See id.* at 2.

Simply put, plaintiff has failed to follow the Rules of this court, to state a cognizable claim, or to establish this court's subject matter jurisdiction or venue. Consequently, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 1, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge